**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

ERNEST DAVID KEYS,     :
                                        :      Civ. No. 18-3044(RMB)
       Petitioner,    :
                                        :
    v.                                   :              **OPINION**
                                        :
S. YOUNG, Warden,      :
                                        :
       Respondent.     :
_____:

**BUMB, United States District Judge**

I.    INTRODUCTION

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1); Petr's Mem. in Supp. of Pet. ("Petr's Mem.") ECF No. 1-1)); Petitioner's motion to amend petition (Mot. to Amend, ECF No. 3); Respondent's motion to dismiss the petition (Mot. to Dismiss, ECF No. 8); Respt's Mem. in Supp. of Mot. to Dismiss (("Respt's Mem.") ECF No. 8-1); Petitioner's motion for default judgment (Mot. for Default Judgment, ECF No. 11); and Respondent's opposition to Petitioner's motion for default judgment. (Respt's Opp. to Mot. for Default Judgment, ECF No. 12.)

II.    BACKGROUND

Petitioner Ernest David Keys is a prisoner incarcerated in the Federal Correctional Institution in Fairton, New Jersey.

(Pet., ¶2, ECF No. 1.) On March 2, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, for resentencing based on a substantive change in law that he asserts renders his prior convictions no longer predicate crimes that qualify him as a career criminal. (Id., ¶5.) On March 27, 2018, the Court ordered Respondent to file an answer. (Order, ECF No. 2.)

On April 6, 2018, Petitioner filed a motion to amend his petition. (Mot. to Amend, ECF No. 3.) Petitioner seeks to amend his petition to add the following:

> The Petitioner's Prior Robbery Conviction Under Pennsylvania Law Does not Qualify as a "Crime of Violence" Under Section 4B1.2(a)(1)
>
> The petitioner avers that his prior robbery conviction under Pennsylvania law does not qualify as a crime of violence under § 4B1.2(a)(1). In support, the petitioner relies on United States v. Thorn, 2017 U.S. Dist. LEXIS 172989 (E.D. Pa. 2017).
>
> That, in Thorn, the Honorable Judge Beetlestone eloquently articulated: "because the statute [18 Pa. Cons. Stat. § 3701(a) is indivisible, Mathis mandates application of the categorical approach to determine if defendant's prior conviction is a crime of violence." Id.[1] See Steiner, 847 F.3d [103] at 119 [3d Cir. 2017].

(Mot. to Amend, ECF No. 3 at 2) (alteration added).

---

[1] In Thorn, the District Court for the Eastern District of Pennsylvania held that robbery under 18 Pa. C. S. § 3701(a) is not a crime of violence under the force clause or enumerated clause of U.S.S.G. § 4B1.2(a). 282 F. Supp. 3d 886, 892-93 (E.D. Pa. 2017).

2

On May 24, 2018, Respondent filed a motion to dismiss the petition for lack of jurisdiction. (Respt's Mem., ECF No. 8-1.) Respondent contends Petitioner has not shown that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention; therefore, the Court lacks jurisdiction over his claim under 28 U.S.C. § 2241. (Respt's Mem., ECF No. 8-1 at 6.)

Petitioner filed a motion for default judgment on July 23, 2018. (Mot. for Default Judgment, ECF No. 11.) Petitioner requested default judgment on the basis that Respondent failed to properly respond to this Court's order. (Id. at 2.) Respondent opposes default judgment because this Court, by order dated May 10, 2018, granted Respondent permission to file a motion to dismiss in lieu of an answer. (Respt's Opp. to Mot. for Default Judgment, ECF No. 12.)

III. DISCUSSION

    A.    Petitioner's Motion to Amend

The Federal Rules of Civil Procedure apply "in the context of habeas suits to the extent that they are not inconsistent with the Habeas Corpus Rules." Woodford v. Garceau, 538 U.S. 202, 208 (2003) (citing 28 U.S.C. § 2254 Rule 11; Fed. Rule Civ. Proc. 81(a)(2); Pitchess v. Davis, 421 U.S. 482, 489 (1975) (per curiam)); see also Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts ("Other Cases. The district court may apply any or all of these rules to a habeas corpus petition not covered

3

by Rule 1(a).") Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend when justice requires. Petitioner filed his motion to amend prior to the Court issuing an order for Respondent to file an answer. There is no prejudice to Respondent in permitting the amendment. The Court will grant Petitioner's motion to amend.

B. Motion For Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(a), a party may apply to the court for default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." In response to this Court's order to file an answer, Respondent properly sought and was granted leave to file a motion to dismiss in lieu of an answer to Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Letter Request, ECF No. 6; Order, ECF No. 7.) The Court will deny Petitioner's motion for default judgment.

C. The Petition

Petitioner filed a memorandum of law in support of his § 2241 petition. (Petr's Mem., ECF No. 1-1.) He states that on June 8, 2007, he was convicted and sentenced in the United States District Court, Eastern District of Pennsylvania for conspiracy to interfere with interstate commerce by robbery, and aiding and abetting, in violation of 18 U.S.C. § 1951. (Id. at 3.) Upon sentencing, the court found that Petitioner's prior state

convictions for burglary under 18 Pa. C.S. § 3502(a), and robbery under 18 Pa C.S. § 3701(a) were crimes of violence under the career offender Sentencing Guidelines § 4B1.2. (Id.)[2]

On December 30, 2013, Petitioner challenged his designation as a career offender in a motion to vacate under 28 U.S.C. § 2255, pursuant to United States v. Descamps, 570 U.S. 254 (2013).[3] (Petr's Mem., ECF No. 1-1 at 1); see U.S. v. Keys, Crim No. 05-617-2 (E.D. Pa., ECF No. 127) ("Keys, Crim. No. 05-617-2 (E.D. Pa.))"[4] The sentencing court denied relief. Id. (E.D. Pa., ECF Nos. 145, 146.)[5]

---

[2] In a pro se filing, Petitioner objected to the career offender enhancement in his presentence report ("PSR"). U.S. v. Keys, Crim No. 05-617-2 (E.D. Pa., ECF No. 78.) After a hearing, the sentencing court held that Petitioner's prior convictions were crimes of violence Id. (ECF No. 86) and Petitioner appealed. Id. (ECF No. 87.) The Third Circuit granted Respondent's motion to uphold the appellate waiver in the plea agreement. Id. (ECF No. 94.) The parties did not provide this Court with the PSR or the sentencing transcript from the Eastern District of Pennsylvania.

[3] In Descamps, the Supreme Court held that sentencing courts may not consult additional documents regarding the ACCA predicate crime of conviction where the statute of conviction is indivisible—i.e. it does contain alternative elements for conviction. 570 U.S. at 258.

[4] Available at www.PACER.gov.

[5] The sentencing court explained that during the sentencing hearing it was able to determine, without examining any documents, that Petitioner's robbery conviction was a crime of violence. Keys, Crim. No. 05-617-2 (E.D. Pa. ECF No. 145 at 2.) The court, however, had to examine the certified record of conviction to determine that Petitioner's burglary conviction was a crime of violence because he burglarized a residence. (Id.) The court enforced Petitioner's waiver of collateral review, noting that even if it found that Descamps rendered Petitioner's prior burglary

5

After the Supreme Court held, in Johnson v. United States, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act was void for vagueness, Petitioner filed a § 2255 motion for relief in the sentencing court. (Petr's Mem., ECF No. 1-1 at 2); see Keys, Crim. No. 05-617-2 (E.D. Pa., ECF No. 149.)[6] After the Supreme Court, in Welch v. United States, ruled that Johnson applied retroactively on collateral review, the Federal Public Defender's Office filed a motion on behalf of Petitioner, seeking relief pursuant to Johnson. (Petr's Mem., ECF No. 1-1 at 2.)

Then, on March 6, 2017, the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Court held that the residual clause of the Sentencing Guidelines, §

---

conviction not a crime of violence, the lack of clarity or constitutional character of the error, and the lack of gravity of the error because Petitioner was sentenced to 151-months imprisonment where the statutory maximum was forty years, weighed against finding a fundamental miscarriage of justice that would justify refusing to enforce the collateral waiver. (Id. at 5.) The sentencing court also denied Petitioner's Descamps claim on the merits, finding that the Pennsylvania burglary statute at issue was a divisible statute; therefore, it had properly applied the modified categorical approach to determine that Petitioner's burglary conviction was a crime of violence. Keys, Crim. No. 05-671-2 (E.D. Pa., ECF No. 145 at 5-6.)

[6] Petitioner's Johnson claim has a complex procedural history, originally brought as a pro se motion to amend his first 2255 motion. Ultimately, he filed a counseled application in the Third Circuit to bring a successive § 2255 motion and filed a counseled protective § 2255 motion in the district court, both of which were stayed pending the Supreme Court's decision in Beckles.

6

4B1.2(a)(2), although identical to the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was not void for vagueness because the Sentencing Guidelines are advisory in nature. 137 S. Ct. at 892-95. Thus, the Federal Public Defender's Office moved to withdraw Petitioner's counseled § 2255 motion, and the sentencing court granted the motion. (Petr's Mem., ECF No. 1-1 at 2.)

Petitioner responded by filing a motion seeking to proceed despite his counsel's withdrawal, arguing that his burglary conviction was not a crime of violence pursuant to Mathis v. United States, 136 S. Ct. 2243 (2017). Keys, Crim. No. 05-617-2 (E.D. Pa., ECF No. 177.) Unsure of the correct procedural rule, Petitioner also filed a new pro se § 2255 motion based on Mathis in the sentencing court. Id. (ECF No. 179.) The sentencing court denied both the motion to proceed with the pending § 2255 motion, and the new pro se § 2255 motion, finding that any amendment to Petitioner's pending § 2255 motion would be futile pursuant to Beckles, and the new pro se § 2255 motion was an unauthorized successive motion. Id. (ECF No. 180.) Petitioner filed the present petition under § 2241, arguing that § 2255 is inadequate or ineffective to test his detention. (Petr's Mem., ECF No. 1-1 at 2.)

Petitioner contends that he no longer is a career offender based on the statutory interpretation in Mathis. (Petr's Mem., ECF

7

No. 1-1 at 4.) He asserts that to bring his Mathis claim under § 2241, he must show that he relies on (1) a case of statutory interpretation; (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents a sufficiently grave error. (Petr's Mem., ECF No. 1-1 at 5.) Petitioner contends there is no dispute that he meets the first two conditions. (Id.)

Petitioner explains why he did not have an earlier opportunity to bring his Mathis claim. He contends the statutory interpretation announced in Mathis was not available at the time of his initial § 2255 motion, and Mathis has been deemed retroactive on collateral review. (Petr's Mem., ECF No. 1-1 at 11, 12.)

To meet the third condition, Petitioner claims the sentencing error is sufficiently grave because without the career offender enhancement, his total offense level would have been 21, and his criminal history category V, making his Guidelines range 70-87. (Id. at 6.) Petitioner has already served "above the top of this guideline range." (Id.) Petitioner contends the Third Circuit has now determined the Pennsylvania burglary statute that was a predicate crime to his career offender enhancement is not a crime of violence under U.S.S.G. § 4B1.2. (Petr's Mem., ECF No. 1-1 at

13, citing United States v. Steiner, 847 F.3d 103 (3d Cir. 2017)).[7]

Petitioner further maintains that his predicate robbery conviction under Pa C.S. § 3701(a)(1)(v) is not a violent crime under the career offender Guidelines because "§ 3701 has conduct or elements that fall inside of what constitutes a crime of violence under § 4B1.2(b), and conduct of elements that fall outside of what constitutes a crime of violence under § 4B1.2(b)," resulting in a mismatch of elements. (Petr's Mem., ECF No. 1-1 at 15, citing United States v. Stanford, 2016 U.S. Dist. LEXIS 171032 (M.D. Pa. 2016); United States v. Hollins, 514 F. App'x 264 (3d Cir. 2012)).

D. Respondent's Motion to Dismiss

Respondent contends that Petitioner unsuccessfully raised the same issues raised here under Section 2255 in the United States District Court for the Eastern District of Pennsylvania, and that this Court lacks jurisdiction to rehear those claims. (Respt's Mem., ECF No. 8-1 at 5.)

First, Respondent maintains that the savings clause in § 2255(e) does not permit Petitioner to bring his Mathis claim under § 2241 because Mathis, like Johnson, concerned the application of a statutory mandatory minimum sentence imposed under ACCA but

---

[7] In Steiner, the Third Circuit held that under Mathis's categorical approach, the Pennsylvania burglary statute, 18 Pa. C.S. 3502 is not a crime of violence under U.S.S.G. § 4B1.2. 847 F.3d at 120-21.

9

Petitioner's sentence was enhanced under the Sentencing Guidelines not ACCA, and his sentence was well below the statutory maximum for the crime of which he was convicted. (Respt's Mem., ECF No. 8-1 at 12-13.) Respondent asserts that because Petitioner was sentenced under the advisory Guidelines, and his sentence was well within the statutory maximum limit, even if there was error in the sentencing court's calculation of the Guidelines range, such error would only affect the sentencing court's exercise of discretion, and use of the extraordinary remedy provided by the savings clause of § 2255(e) is not warranted. (Id. at 13-14.)

Second, Respondent argues that Mathis was issued on June 23, 2016, and any arguments based on Mathis were available to Petitioner while his counseled § 2255 motion was pending in the Eastern District of Pennsylvania. (Id. at 13.) Therefore, Respondent claims that Petitioner's Mathis claim does not fit within Dorsainvil's holding that § 2255 can be inadequate or ineffective when the categorical bar on successive § 2255 motions deprives a prisoner of any opportunity to raise a claim that he was convicted for conduct that is no longer a crime based on an intervening change in statutory interpretation. (Respt's Mem. at 14-15, citing In Re Dorsainvil, 119 F.3d 245, 245-28 (3d Cir. 1997)). Respondent further notes that the Third Circuit has not expanded the Dorsainvil exception to sentencing challenges. (Id. at 15-16.)

Third, Respondent contends Mathis did not effect a change in statutory interpretation that would render Petitioner innocent of the offense to which he pled guilty or innocent of the statutory range of his sentence. (Respt's Mem. at 13.)[8]

Finally, Respondent addresses Petitioner's assertion that United States v. Thorn, 282 F.Supp.3d 886 (E.D. Pa. 2017) supports his Mathis claim with respect to his predicate robbery conviction. (Respt's Mem. at 17.) Respondent maintains that Petitioner could have raised the claim that his robbery conviction was not a crime of violence under the career offender Guideline in his first § 2255 motion in the Eastern District of Pennsylvania. (Id.)[9] Moreover, Respondent asserts this Court lacks jurisdiction under § 2241 to challenge Guidelines errors. (Id.)

E. Analysis

1. Jurisdiction

The Court must first address whether it has jurisdiction over the petition under § 2241. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). "[A] federal prisoner may resort to § 2241 only if he can establish that "the remedy by motion [under §

---

[8] Respondent did not elaborate on this argument.

[9] Thorn was decided on October 19, 2017.

11

2255] is inadequate or ineffective to test the legality of his detention." Id. (quoting 28 U.S.C. § 2255(e)).

In 1996, Congress added gatekeeping requirements to § 2255, including a limitation on second or successive motions to those based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Bruce, 868 F.3d at 179 (quoting § 2255(h)). New statutory interpretations by the Supreme Court, even if previously unavailable and retroactively applicable on collateral review do not meet § 2255(h)'s requirements. Id.

The Supreme Court has never held that Mathis applies retroactively on collateral review, nor do any combination of Supreme Court precedents dictate retroactivity. United States v. Peppers, 899 F.3d 211, 229 (3d Cir. 2018). However, "[w]hen a defendant's second or successive § 2255 motion recites a *Johnson* [2015] claim that satisfies § 2255(h)'s gatekeeping requirements, the defendant is through the gate." Id. "At that point," a defendant may "rely upon post-sentencing Supreme Court case law [like Mathis] that explains pre-sentencing law." Id. at 229-230 (alteration added).

In the Third Circuit, a prisoner may resort to bringing his actual innocence claim in a § 2241 petition if the "prisoner had had no earlier opportunity to test the legality of his detention

12

since the intervening Supreme Court decision issued." Bruce, 868 F.3d at 180. "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of direct appeal and initial § 2255 motion." Id.

The United States Supreme Court decided Mathis on June 23, 2016. 136 S. Ct. 2243 (2016). At that time, Petitioner had pending a Johnson claim in his successive § 2255 motion, and he attempted to amend his motion to add a Mathis claim. See Peppers, 899 F.3d at 229-30 (a defendant may rely on post-sentencing Supreme Court case law explaining pre-sentencing law once he is "through the gate" with a Johnson claim.)

The sentencing court ruled that after Beckles, any amendment to the Johnson petition would be futile. Id. (ECF No. 180.)[10] In the same order, the court also denied Petitioner's new § 2255 motion because he was required to get permission from the Third Circuit to file a successive § 2255 motion under § 2255(h). Id.

The Court takes judicial notice[11] of the following additional filings related to Petitioner's criminal action. On May 12, 2017,

---

[10] The sentencing court did not explain this finding but presumably relied on the advisory nature of the Sentencing Guidelines in concluding that a Guidelines error under Mathis, at least in Petitioner's case, would not entitle him to relief.

[11] Federal Rule of Evidence 201(b)(2) provides that "the court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Petitioner appealed the District Court's April 27, 2017 order. Keys, Crim. Action No. 05-617-2 (E.D. Pa., ECF No. 181.) On June 15, 2017, Petitioner filed an application for a certificate of appealability in the Third Circuit, seeking to appeal the sentencing court's decision that Petitioner's § 2255 motion based on Mathis was an unauthorized second or successive § 2255 motion. U.S. v. Keys, No. 17-2107 (3d Cir. June 15, 2017).[12]

The Third Circuit denied Petitioner's application for a certificate of appealability, stating

> Appellant filed a 28 U.S.C. § 2255 motion before the District Court seeking relief based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). The District Court denied the motion and stated that Appellant's motion was an unauthorized second or successive § 2255 motion. Appellant has not shown that jurists of reason would debate the District Court's conclusion. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). We further note that Appellant's reliance on 28 U.S.C. § 2255(f)(3) is misplaced because his first § 2255 was adjudicated on the merits, and he cannot file a second or successive motion without permission of this Court. See 28 U.S.C. § 2255(h). Finally, to the extent that Appellant moved to add a *Mathis* claim to an earlier 28 U.S.C. § 2255 motion, jurists of reason would not debate the District Court's decision to deny that request.

U.S. v. Keys, No. 17-2107 (3d Cir. Nov. 1, 2017).

Plaintiff had an earlier opportunity to raise a Mathis claim in his successive § 2255 motion under Johnson, and his claim was

---

[12] Available at www.PACER.gov.

14

unsuccessful because the sentencing court held that Beckles foreclosed his Mathis claim. The Third Circuit denied Petitioner's request for a certificate of appealability because jurists of reason would not debate the sentencing court's decision. Rosello v. Warden, 735 F. App'x 766, 768 (3d Cir. 2018) (holding that § 2255 was not inadequate or ineffective simply because the court of appeals rejected the claim on the merits under § 2255.) Therefore, Petitioner has not demonstrated that he did not have an earlier opportunity to test the legality of his detention since the Supreme Court decided Mathis.[13] The Court lacks jurisdiction over Petitioner's § 2241 petition.

2. Alternative Merits Analysis

Even if the Court were to reach the merits of Petitioner's Mathis claim, the Court notes Petitioner argues only that his burglary and robbery convictions are not crimes of violence under the force/elements clause and the enumerated clause of Section 4B1.2(a)(2), pursuant to Mathis, Steiner and Thorn. Petitioner may still be a career offender under the Guidelines if his burglary and robbery convictions are crimes of violence under the residual clause of Section 4B1.2(a)(2). See e.g. U.S. v. Terrell, 593 F.3d

---

[13] Jurisdiction over a Mathis claim under § 2241 assumes the Third Circuit will extend the Dorsainvil exception beyond claims of actual innocence of the conduct of conviction to permit sentencing challenges.

15

1084, 1092 (9th Cir. 2010) ("we hold that although [the petitioner's] prior burglary offenses do not fit within the enumerated offenses, they do fit within the residual clause); Steiner, 847 F.3d at 120 n. 83 (noting that if Beckles reinstates the validity of the residual clause of 4B1.2 [which it did], the District Court should not consider it on remand, because the government had not argued that it should apply.) Petitioner, who has the burden of proof under § 2241,[14] did not assert that his predicate crimes are not crimes of violence under the residual clause, precluding relief on his Mathis claims. See Praylor v. Newman, --Fed. App'x--, 2018 WL 5881523, at *3 (3d Cir. Nov. 9, 2018) (assuming a challenge to a career offender sentence can be brought in a § 2241 petition, the petitioner was not entitled to relief because he did not show there was an intervening change in law that negated his sentence enhancement.)

An appropriate Order follows.

Date: November 13, 2018

          s/Renée Marie Bumb
          **RENÉE MARIE BUMB**
          **United States District Judge**

---

[14] "In habeas cases the general rule is that the petitioner himself bears the burden of proving that his conviction is illegal." U.S. v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977) (citations omitted).

16